Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
(310) 388-5624 Fax
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff Thomas Fleming

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLEMING, <br><br> Plaintiff, <br><br> vs. <br><br> HOMEGOODS, INC., ATI INDUSTRIES, INC., dba PRESTIGE ARTS, and DOES 1-10, <br><br> Defendants. | Case No.: SACV11-00666 AG(ANx) <br><br> JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO F.R.C.P. 26(f) |

    Comes Now, Plaintiff Tom Fleming and Defendants HomeGoods, Inc. and ATI Industries, Inc. dba Prestige Arts and present their Case Management Conference Statement pursuant to F.R.C.P. 26(f) and Local Rule 26-1.

1. *Synopsis of Case:* Plaintiff is a professional artist and illustrator. He regularly sells his work at art shows around the United States, at art galleries, and through his websites. ATI Industries is a company that, *inter alia,* produces and sells artwork to retailers for sale to the public. HomeGoods is a retail store that sells home furnishings, including artwork. Plaintiff alleges that, without his knowledge and permission, ATI manufactured and sold multiple copies of two of Plaintiff's paintings, *Depths of Love* and *Spirit & Life* to HomeGoods, which were then sold to the public. ATI and HomeGoods do not dispute that 120 pieces of art were sold that appear to resemble the images as depicted in Plaintiff's Complaint, but allege that any artwork that was sold was (i) not protected by copyright, and/or (ii) was sold in accordance with all appropriate permissions to do so.

The primary issues in the case are whether Defendants infringed on what the Plaintiff contends to be valid copyrights in Plaintiff's artwork and the extent of purported damage caused by the alleged infringement. Defendants challenge the validity of the copyrights and the issue of damages, and assert their authority to sell the artwork notwithstanding any subsisting copyrights.

2. *Disclosures:* The parties do not believe any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Disclosures under Rule 26(a) will be made no later than September 7, 2011.

3. *Subjects of Discovery:* Plaintiff contends that it is necessary to conduct discovery to prove that Defendants distributed Plaintiffs' artwork and the extent of such distribution.  Plaintiff also needs discovery on the gross revenue earned by Defendants from the infringement and attributable to the infringement.  Plaintiff believes that all discovery on these issues can be completed by January 27, 2012.

4.	Defendants contend that it is necessary to conduct discovery to (1) reveal the existence and nature of the purported copyrights in the artwork in question, (2) reveal the nature of the business and artworks of Plaintiff, (3) reveal the nature of the business relationship that existed between Plaintiff and a third-party art dealer who was involved in the business relationships between Defendant ATI and Plaintiff and between Plaintiff and the third-party.  Defendants believe that all discovery on these issues can be completed by January 27, 2012.

Plaintiff believes that discovery should not be conducted in phases nor be limited to or focused upon particular issues.  Defendants believe that discovery may have to be conducted in phases, and must be limited to the direct issues that are relevant to the subject matter of the dispute.

5. *Additional Parties*.  Plaintiff may need to add additional parties who assisted Defendants in the distribution of Plaintiff's art.

6. <u>Insurance</u>: Defendants ATI may have liability insurance that would be

relevant to the claims at issue, but has not yet determined if there is any coverage related to the allegations that are contained in the Complaint.  Defendant HomeGoods believes that it has no relevant insurance coverage.

    7.  *Limitations on Discovery:* At this time, no party believes that changes should be made in the statutory and traditional limitations on discovery.

    8.  *Discovery Plan:*  Plaintiff  is currently planning the following discovery:

        a.    Deposition of person most knowledgeable at ATI

        b.    Deposition of Jonnie Chardonn

        c.    Deposition of person most knowledgeable at HomeGoods.

        d.    Interrogatories to Defendants

        e.    Request for Production of Documents to Defendants

        f.    Requests for Admissions to Defendants.

    Defendants plan the following discovery:

        g.    Deposition of Plaintiff

        h.    Deposition of Jonnie Chardonn

        i.    Deposition of any experts, if necessary

        j.    Interrogatories to Plaintiff

        k.    Request for Production of Documents to Plaintiff

        l.    Requests for Admissions to Plaintiff.

9. Trial Calendar: Plaintiff and Defendants present the following discovery plan. This plan is based on the assumption that expert witnesses will be designated and reports provided not later than eight weeks prior to the discovery cut-off.

January 27, 2012   Discovery Cut-off

February 13, 2012   Last Day to File any Summary Judgment motions

February 24, 2012   Motion Cut-Off Date

March 12, 2012   Pre-Trial Conference

March 26, 2012   First Day of Trial

10. *Complex Case*. Neither party believes that this is a complex case.

11. *Summary Judgment*:   Plaintiff anticipates filing a motion for summary adjudication on the issues of whether Defendants infringed Plaintiff's purported copyright. Defendants anticipate filing a motion for summary adjudication on the issues of whether Plaintiff holds a valid copyright, and whether Defendants infringed Plaintiff's purported copyright.

12. *Settlement*:   If the parties cannot settle this matter on their own, the parties choose settlement procedure No. 2 (The Attorney Settlement Officer Panel).

13. *Trial Estimate*. Plaintiff and Defendants believe trial will take 3 days. Trial will be non-jury.

14. *Other Issues.*   There are no unusual legal issues presented by the case.

Dated: September 1, 2011					Law Office of Larry Zerner


							By: /s/ Larry Zerner
							     Larry Zerner
							     Attorneys for Plaintiff


Dated: September 1, 2011					LAW OFFICE OF DANIEL BROWN


							By: /s/ Daniel Brown
							      Daniel Brown
							      Attorney for Defendants