Daniel G. Brown, Esq.  (Bar No. 251134)
LAW OFFICES OF DANIEL G. BROWN
91 Avenida La Pata
San Clemente, CA  92673
Telephone:  (949) 892-1100
Facsimile:    (949) 892-1150
Email: daniel.brown@baslawfirm.com
Attorney for Defendants HomeGoods, Inc.
and ATI Industries, Inc., dba Prestige Arts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLEMING,<br><br>                         Plaintiff,<br><br>          vs.<br>HOMEGOODS, INC.,<br>ATI INDUSTRIES, INC., dba<br>PRESTIGE ARTS, and DOES 1-10,<br><br>                         Defendants. | CASE No.  SACV11-00666 AG(ANx)<br><br>**DEFENDANTS' PRE-TRIAL MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><br><br>Complaint Filed May 3, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants HOMEGOODS, INC and ATI INDUSTRIES, INC., dba PRESTIGE ARTS ("ATI") hereby provide this MEMORANDUM OF CONTENTIONS OF FACT AND LAW pursuant to Local Rule L.R. 16-4.

## ***CLAIMS***

The Plaintiff has a single claim of Copyright Infringement under 17 U.S.C. §501 et seq.

## SUMMARY STATEMENT OF AFFIRMATIVE DEFENSES

<u>First Affirmative Defense: Ownership of a Copyright</u>

The Defendants will rebut the Plaintiff's ownership of the copyright.

<u>Second Affirmative Defense: Copyrightability Of The Subject Matter</u>

The Defendants take the position that the Plaintiff's work is not entitled to copyright protection because the work is not original work, is not an independent creation, contained elements of work that were preexisting; was placed into the public domain; and is not properly registered as copyright.

<u>Third Affirmative Defense: Invalidity of Copyright Registration</u>

The Defendants challenge the Plaintiff's registration of the copyright.

<u>Fourth Affirmative Defense: Unenforceable</u>

The Defendants claim that the Plaintiff cannot enforce the alleged copyright because the work was placed into the public domain prior to any purported use by any defendant.

<u>Fifth Affirmative Defense: Fair Use</u>

The Defendants claim that any purported use of the artwork fell under a "fair use" doctrine.

<u>Sixth Affirmative Defense: Activities Are Non-Infringing</u>

The Defendants claim that any purported use of the artwork was non-infringing use.

-2-
DEFENDANTS' PRE-TRIAL MEMORANDUM OF CONTENTIONS OF FACT AND LAW

<u>Seventh Affirmative Defense: License</u>

The Defendants claim that any purported use of the artwork was under license.

<u>Eighth Affirmative Defense: No Intent</u>

The Defendants claim that any purported unauthorized use of the artwork was done without intent.

<u>Ninth Affirmative Defense: Waiver</u>

The Defendants claim that any purported use of the artwork was non-infringing because the Plaintiff waived enforcement of any copyright protection.

<u>Tenth Affirmative Defense: Contract</u>

The Defendants claim that any purported use of the artwork was non-infringing because the Defendants were authorized to use the artwork pursuant to contract.

<u>Eleventh Affirmative Defense: Laches</u>

The Defendants claim that the Plaintiff is bared from the enforcement of any copyright protection because he waited too long to bring action against the Defendants.

<u>Twelfth Affirmative Defense: Unclean Hands</u>

The Defendants claim that the Plaintiff is barred from the enforcement of any copyright protection because he comes to this Court with unclean hands.

<u>Thirteenth Affirmative Defense: Estoppel</u>

The Defendants claim that the Plaintiff is barred from the enforcement of any copyright protection because, based on the Plaintiffs own conduct, he should be equitably estopped from enforcing any purported copyrights.

## *KEY EVIDENCE*

The Defendants will rebut the Plaintiff's claim of copyright infringement through the use of key evidence that will demonstrate the Defendants were authorized to utilize the artwork that has been allegedly infringed. This evidence includes:

a) The testimony of Richard Guy, a principal of Defendant ATI;
b) The testimony of Janet Guy, a principal of Defendant ATI;
c) The testimony of Jonnie Chardonn, a third party that played a key role in the business relationship between the Plaintiff and Defendant ATI;
d) Numerous emails from and to the Plaintiff THOMAS FLEMING concerning the artwork;
e) Numerous emails between individuals that were conducting day-to-day business concerning the artwork.

## *ANTICIPATED EVIDENTIARY ISSUES*

The Defendants anticipate that the Plaintiff may object to some of the documentary evidence that the Defendants may attempt to introduce in the form of emails that contain statements that are disfavorable to the Plaintiff. Defendants anticipate hearsay objections from the Plaintiff. Defendants will rebut such objections according to all means afforded by the Federal Rules of Evidence, including but not limited to statements of admission and against a party's interest, business records exceptions, recollection refreshed, and statements that conflict with testimony, evidence, or prior statements by a party.

1

2   DATED:  February 20, 2012          LAW OFFICES DANIEL G. BROWN

3

4                                By     /s/ Daniel G. Brown
                                        Daniel G. Brown
5                                       Attorney for Defendants
                                        HOMEGOODS and ATI
6

## PROOF OF SERVICE

DANIEL G. BROWN certifies:

I am an active member of the State Bar of California and am not a party to this action. My business address is 91 Avenida La Pata, San Clemente, CA 92673.

On February 20, 2012 I deposited in the United States mail, postage fully prepaid, a copy of the attached:

**DEFENDANTS' PRE-TRIAL MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

to:

**LAW OFFICES OF LARRY ZERNER**
**1801 Century Park East**
**Suite 2400**
**Los Angeles, CA 90067**

I also caused the same to be served **BY ECF**, where notice was electronically mailed by filing through CM ECF to all registered and subscribed users.

I declare under penalty of perjury under the laws of the State of California and under the laws of the United States that the foregoing is true and correct.

Executed on February 20, 2012, at San Clemente, California.

Daniel G. Brown

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28