Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
(310) 388-5624 Fax
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff Thomas Fleming

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLEMING,<br><br>               Plaintiff,<br><br>    vs.<br><br>HOMEGOODS, INC.,<br>ATI INDUSTRIES, INC., dba<br>PRESTIGE ARTS, and DOES 1-10,<br><br>               Defendants. | Case No.: SACV11-00666 AG(ANx)<br><br>Plaintiff's Trial Brief<br><br>Trial Date: July 19, 2012<br>Pre-Trial Conference: March 12, 2012<br>Discovery Cut-Off: December 27, 2011 |

## SUMMARY OF THE CASE

Plaintiff Thomas Fleming is a well-known visual artist. Fleming was in negotiations to license two of his paintings to Defendant ATI Industries to

reproduce and then sell the paintings to HomeGoods. Although the parties were close to an agreement, Fleming decided not to go through with the license agreement. However, unbeknownst to Fleming, ATI reproduced 120 copies of his paintings and sold them to HomeGoods which then sold them to the public without Fleming's permission or consent. Fleming is suing for copyright infringement for ATI and HomeGoods sale of his paintings.

## I.  FACTUAL BACKGROUND

<u>The Parties</u>

<u>Plaintiff</u>:  Thomas Fleming is a well-known artist and illustrator. He regularly sells his work all over the country.

<u>Defendants</u>:  HomeGoods, Inc. is a division of TJX (which also owns TJ Maxx and Marshalls. HomeGoods operates over 330 stores around the United States, selling furniture and other home related items, including paintings.

ATI, Inc. dba Prestige Arts is a painting wholesaler, acting as a middleman for artists who wish to sell reproductions of their work to the public.

## II.  UNDERLYING FACTS

Plaintiff is an artist and illustrator who regularly sells his work at art shows around the United States, at art galleries, and through his websites located at www.Flemart.com and www.flemingeditions.com.   In 2010, ATI approached

Plaintiff, through Plaintiff's representative, Jonnie Chardon, with an offer to license the right to reproduce and sell two of his paintings, "Depths of Love" and "Spirit & Life." Plaintiff listened to the offer by ATI, and discussed it with them, but in the end decided that he was not willing to agree to allow ATI to license his artwork. At no point did Plaintiff, either expressly or by implication, grant ATI a license to reproduce, manufacture, sell, distribute, or copy his artwork.

ATI apparently felt that even though Plaintiff never agreed to allow it to distribute his artwork, it would do so anyway. ATI entered into a contract with HomeGoods to purchase a total of 120 copies of the two paintings (60 of each) at a cost of $45 per painting. HomeGoods then sold these paintings to the public at a retail price of $100 per painting.

Until one week ago, ATI's had always admitted that it sold Plaintiff's paintings but claimed that it had authority to do so. These admissions were given in ATI's sworn responses to interrogatories and responses to request for production of documents.[1]

For example, ATI's response to Special Interrogatory No. 1 was:

---

[1] Because ATI failed to provide discovery responses, the responses were only provided after Plaintiff filed a motion to compel and, on November 28, 2011, Magistrate Judge Nakazato ordered ATI to provide verified answers, <u>without objection</u> to the special interrogatories and request for production of documents.

"Did YOU sell any of the ARTWORK[2] to Homegoods, Inc.? If the answer is in the affirmative, please disclose the amount of pieces that were sold to Homegoods and the amount of money YOU received for the sale."

ATI's response, in pertinent part, was:

*"Yes. A total of 120 pieces of artwork were sold to HomeGoods. The 120 pieces total were comprised of the following items that were sold as part of a purchase order:*

*. . .*

*60 pieces of "Spirit & Life" were sold, and ATI received $2700.00 for these.*

*60 pieces of "Depths of Love" were sold, and ATI received $2700.00 for these.*

This is a straightforward admission on ATI's part that it sold Plaintiff's artwork.

ATI contends it had oral permission from Jonnie Chardon to sell Fleming's paintings to HomeGoods. However, there is no evidence of any oral agreement

---

[2] "ARTWORK" is defined as the artwork identified in the Complaint as "Depths of Love" and "Spirit & Life" and attached to the Complaint as exhibits 1 and 2.

and the email evidence clearly shows that the only agreement given to Fleming was a 2 year license agreement which was never signed by Plaintiff.

Further, Fleming never gave Ms. Chardon permission to enter into agreements on his behalf, nor did Fleming ever take any action that would lead ATI to believe that Ms. Chardon could make deals on Mr. Fleming's behalf.

## II.  LEGAL ANALYSIS

The actions of ATI and HomeGoods clearly constituted copyright infringement.  The defendants copied and/or sold Fleming's paintings without his permission.  Pursuant to Section 501 of the Copyright Act, both ATI and HomeGoods are infringers ("Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright . . . .").

Pursuant to Section 504 of the Copyright Act, Plaintiff is "entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."[3]

### A.  LOST PROFITS:

---

[3]  Because Plaintiff is seeking actual, not statutory damages, the issue of whether Homegoods and ATI acted willfully, negligently or with innocent intent is irrelevant.

The infringing works sold by Defendants were very large (24"x72") and retailed at HomeGoods for $100.  Plaintiff sells his own work at two different sizes 6"x36" for $175 and 11"x44" for $350.  His profit on the smaller piece is $125 each and on the larger one is $240.

If Plaintiff were to sell a piece at the same size as the infringing piece ("24x72") it would retail for $700 because of the much larger.  Because of the larger size, Plaintiff's expenses would be approximately $200 per piece for a profit of $500 each.  At a loss of 120 sales, Plaintiff's lost profits due to the infringement are $60,000 ($500 x 120 = $60,000).

### B. NO OSTENSIBLE AGENCY

The evidence will clearly show that no one ever authorized ATI to sell Plaintiff's artwork to Homegoods.  However, even if ATI puts forth perjured testimony to make this claim, the evidence will establish that Ms. Chardon was not Plaintiff's actual agent in that she was never authorized to enter into contracts on his behalf or hold herself out with the authority to do so.  All she was permitted to do was to field offers for his paintings and bring them to Plaintiff for his approval.

The evidence will further show that at no point did Plaintiff grant Ms. Chardon the authority to bind Plaintiff to a contract and there is plentiful evidence that ATI knew that it could not enter into a deal without Plaintiff's written

approval.

The law is clear that an agent can only bind her principal when acting within the scope of her authority and it was ATI's duty to ascertain the scope of that authority. See, *Norton v. Overholtzer*, 63 Cal. App. 388, 395, 218 P. 637, 640 (1923).

Further, in order to prove that Ms. Chardon had ostensible authority to enter into a contract on Plaintiff's behalf, Defendant cannot simply rely on the purported agent's conduct (*Lindsay–Field v. Friendly* (1995) 36 Cal.App.4th 1728, 1734, 43 Cal.Rptr.2d 71) but most prove that Plaintiff did some act or neglect that would cause Defendant's to reasonably believe that Ms. Chardon had such authority. *Associated Creditors' Agency v. Davis* (1975) 13 Cal.3d 374, 399, 118 Cal.Rptr. 772, 530 P.2d 1084.   However, the facts will show that Plaintiff had absolutely no conduct, either in person, by phone, or email with ATI, until months after ATI had sold the artwork to HomeGoods.

"Liability of the principal for the acts of an ostensible agent rests on the doctrine of 'estoppel,' the essential elements of which are representations made by the principal, justifiable reliance by a third party, and a change of position from such reliance resulting in injury."  Kaplan v. Coldwell Banker Residential

Affiliates, Inc., 59 Cal. App. 4th 741, 747, 69 Cal. Rptr. 2d 640, 643 (1997).

The facts will show that there were never any representations made by Plaintiff to ATI, therefore, there could be no justifiable reliance or change of position.  Accordingly, Defendant's theory of "ostensible authority" will fail.

### III.  CONCLUSION

The evidence will show that Defendants infringed Plaintiff's copyright by selling his paintings without permission and that Plaintiff is entitled to $60,000 in damages for copyright infringement.

Dated: July 18, 2012                         Law Office of Larry Zerner

                                             By: _____
                                                 Larry Zerner
                                                 Attorneys for Plaintiff